UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-596-RJC

| MICHAEL L. WARDLOW, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) |
|  | ) ORDER |
| RICHARD NEELY et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on a motion to dismiss by Defendants Richard Neely, Lawrence Parsons, Kory Dalrymple, Dennis Marshall, Lisa Martin, and Kevin White. (Doc. No. 24).

## I. BACKGROUND

On November 28, 2011, Plaintiff, an inmate in the custody of the North Carolina Department of Correction ("DOC"),[1] filed a pro se § 1983 Complaint against Defendants Richard Neely, Lawrence Parsons, Kory Dalrymple, Dennis Marshall, Lisa Martin, and Kevin White. Plaintiff filed an Amended Complaint on February 15, 2012, naming Todd Pinion, Chris Bird, Sammy Hassan, and FNU Walrath as additional Defendants. Plaintiff alleges that Defendants violated his constitutional rights by failing to schedule him for surgery as ordered by his medical provider after Plaintiff slipped and fell at Lanesboro Correctional Institution.

---

[1] Pursuant to North Carolina Session Laws 2011-145, s. 19.1(h) and (I), effective January 1, 2012, the Department of Correction is the "Division of Adult Correction of the Department of Public Safety."

-1-

## II.　STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset

whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Here, exhaustion was raised by the DOC, (Doc. No. 25), and addressed in Plaintiff's response, (Doc. No. 26 at 3-4).

## III. ANALYSIS

The General Assembly of North Carolina has provided an administrative remedy for prisoners in the custody of DOC. See N.C. GEN. STAT. §§ 148-118.1-118.9 (2005) ("Article 11A"); (Doc. No. 25-1: Administrative Remedy Procedure). Implementing Article 11A, DOC has established a three-step grievance procedure. Step One calls for a response by the administration at the prison facility which is the situs of the grievance. The inmate grievant may accept the decision or appeal. If the inmate appeals the Step One Response, the inmate proceeds to Step Two. Step Two calls for a response by the administration at the next highest administrative level. If the inmate is not satisfied with the Step Two Response, the inmate may appeal to the Inmate Grievance Resolution Board ("Board"), Step Three.

Here, the face of the Complaint, the Amended Complaint, and Plaintiff's own assertions show that Plaintiff failed to exhaust his administrative remedies with regard to his claims before bringing this lawsuit. In his Amended Complaint, Plaintiff alleges that Defendants have been deliberately indifferent to his medical care by unnecessarily delaying surgery on his ankle.

-3-

Plaintiff filed Grievance No. 4865-11-1322, complaining that his surgery on his ankle had not been scheduled. (Doc. No. 25-2). In Step One of the grievance procedure, the Unit's response noted that the Utilization Review had approved the surgery for Plaintiff's ankle and that they were waiting for a surgery date from Central Prison's surgery unit. (Id.). Plaintiff was also informed that the request for an MRI for his back had been denied. Plaintiff agreed with the response at Step One of the grievance process, choosing not to proceed with Steps Two and Three. Plaintiff has acknowledged that he agreed with the response to Grievance No. 4865-11-1322 at Step One of the grievance process, and that he did not appeal further. (Doc. No. 1 at 3-4) ("Grievance 4865-11-1322 I agreed with this decision because I thought that I was going to get the surgery for my ankle very soon."). Therefore, Plaintiff has failed to exhaust the administrative remedies available to him and the Complaint must be dismissed. Plaintiff argues that he only agreed to the response in Step One because he thought he was going to receive his surgery sooner. As Defendants note, however, if Plaintiff felt that his surgery was being unduly delayed, Plaintiff was required to file another grievance. In sum, Plaintiff's claims must be dismissed for failure to exhaust administrative remedies.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss, (Doc. No. 24), is **GRANTED**, and Plaintiff's action is **DISMISSED** for failure to exhaust administrative remedies.[2] The Clerk of Court is directed to close this case.

---

[2] A dismissal for failure to exhaust administrative remedies is without prejudice. Furthermore, despite that all named Defendants did not join in the motion to dismiss, the dismissal for failure to exhaust applies to all Defendants.

Signed: June 7, 2012

Robert J. Conrad, Jr.
Chief United States District Judge